1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    KEVIN L. FUQUA,                              No.  2:14-cv-00906 JAM DAD P

12              Petitioner,

13         v.                                       ORDER &

14    KEVIN CHAPPIN, Warden,                       FINDINGS AND RECOMMENDATIONS

15              Respondent.

16

17         Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

18    under 28 U.S.C. § 2254.  Petitioner challenges his 1988 judgment of conviction on the charge of

19    first degree murder, with a firearm enhancement.  Pending before this court is respondent's

20    motion to dismiss the petition, on the grounds that it is second or successive, as well as time-

21    barred.

22         After carefully reviewing the record, the undersigned recommends that respondent's

23    motion be granted and that the petition be dismissed without prejudice based on petitioner's

24    failure to obtain authorization from the United States Court of Appeals for the Ninth Circuit

25    before filing the instant petition.

26    I.  Procedural History

27         The procedural history set forth below is derived from documents attached as exhibits to

28    the petition for writ of habeas corpus (ECF No. 1 at 24-178) before the court, and documents

                                           1

1   lodged with the court by respondent (see ECF No. 13).

2          On June 17, 1988, petitioner was found guilty of first degree murder, in violation of

3   California Penal Code § 187(a), in the Sacramento County Superior Court.  The jury also found

4   that petitioner had personally used a firearm in the commission of the crime, in violation of

5   California Penal Code § 12022.5.  Petitioner was sentenced to an indeterminate term of 27 years

6   to life in state prison.  (Lod. Doc. No. 1.)

7          Petitioner timely appealed and his judgment of conviction was affirmed on March 5, 1990,

8   by the California Court of Appeal for the Third Appellate District. (Lod. Doc. No. 2.)  Thereafter,

9   on June 21, 1990, the California Supreme Court denied review. (Lod. Doc. No. 4.)

10          On August 16, 1990, petitioner filed a federal petition for writ of habeas corpus

11   challenging his conviction before this court.  See Fuqua v. Rowland, No. 2:90-cv-01064-EJG-

12   JFM.  (Lod. Doc. Nos. 26-27.)  On October 26, 1992, that federal habeas petition was denied.

13   (Lod. Doc. Nos. 28-29.)  On November 15, 1993, the Ninth Circuit affirmed the judgment.  Fuqua

14   v. Rowland, 10 F.3d 808 (9th Cir. 1993).

15          On December 20, 1999, petitioner filed an application with the United States Court of

16   Appeals for the Ninth Circuit, seeking leave to file a second or successive federal habeas petition.

17   (See Lod. Doc. No. 30.)  On May 30, 2000, the Ninth Circuit denied petitioner's application.[1]

18   (Id.)

19          On August 20, 2013, the Sacramento County Superior Court denied a petition for writ of

20   habeas corpus filed by petitioner.  (ECF No. 1 at 171-74.)  On October 3, 2013, the California

21   Court of Appeal for the Third Appellate District denied a petition for writ of habeas corpus filed

22   by petitioner.  (Id. at 175-76.)   On January 21, 2014, the California Supreme Court denied a

23   petition for writ of habeas corpus filed by petitioner.  (Id. at 177-78.)

24          On April 6, 2014, petitioner filed the instant petition for writ of habeas corpus with this

25   court.  Respondent moves to dismiss the pending petition as second or successive, or in the

26

27   _____

[1] Respondent has lodged with this court a printed copy of the electronic docket for this case, but
has failed to provide the court with copies of the documents referenced therein.  None of these
28   documents appears to be available on the PACER website, on Westlaw, or on Lexis.

1    alternative, as time-barred.  (ECF No. 10.)  Petitioner has filed an opposition to the motion and

2    respondent has filed a reply.  (ECF Nos. 14 & 15.)

3    II.  Applicable Legal Standards

4         A.  Standard re: Motion to Dismiss

5         Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

6    petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the

7    petitioner is not entitled to relief in the district court. . . ."  Id.  The Ninth Circuit Court of Appeals

8    construes a motion to dismiss a habeas petition as a request for the court to dismiss under Rule 4

9    of the Rules Governing § 2254 Cases.  See O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.

10   1991).  Accordingly, the court will review respondent's motion to dismiss pursuant to its

11   authority under Rule 4.

12        In ruling on a motion to dismiss, the court "must accept factual allegations in the [petition]

13   as true and construe the pleadings in the light most favorable to the non-moving party."  Fayer v.

14   Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (quoting Manzarek v. St. Paul Fire & Marine Ins.

15   Co., 519 F.3d 1025, 1030 (9th Cir. 2008)).  See also Porter v. Ollison, 620 F.3d 952, 958 (9th Cir.

16   2010) ("[T]he petitioner is not entitled to the benefit of every conceivable doubt; the court is

17   obligated to draw only reasonable factual inferences in the petitioner's favor.")  In general,

18   exhibits attached to a pleading are "part of the pleading for all purposes . . . ."  Hartmann v. Cal.

19   Dept. of Corr. and Rehab., 707 F. 3d 1114, 1123 (9th Cir. 2013) (quoting Fed. R. Civ. P. 10(c)).

20        B.  Standard re: Second or Successive Petition

21        On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996

22   ("AEDPA") was signed into law.  28 U.S.C. § 2244(b)(2), as amended by AEDPA, now provides:

23   "A claim presented in a second or successive habeas corpus application under section 2254 that

24   was not presented in a prior application shall be dismissed. . . ."  This bar applies unless

25            (A) the applicant shows that the claim relies on a new rule of
             constitutional law, made retroactive to cases on collateral review by
26            the Supreme Court, that was previously unavailable; or

27            (B) (i) the factual predicate for the claim could not have been
             discovered previously through the exercise of due diligence; and
28

3

1

2

3

> (ii) the facts underlying the claim, if proven and viewed in light
> of the evidence as a whole, would be sufficient to establish by clear
> and convincing evidence that, but for constitutional error, no
> reasonable factfinder would have found the applicant guilty of the
> underlying offense.

4    28 U.S.C. § 2244(b)(2).  Before filing a second or successive petition in the district court, "the

5    applicant shall move in the appropriate court of appeals for an order authorizing the district court

6    to consider the application."  28 U.S.C. § 2244(b)(3)(A).

7         Although AEDPA does not specify what constitutes a "second or successive" petition,

8    Hill v. Alaska, 297 F.3d 895, 897 (9th Cir. 2002), the Supreme Court and the Ninth Circuit have

9    interpreted the term as a derivation of the pre-AEDPA "abuse-of-the-writ" doctrine.  Id. at 897-

10   98; see also Felker v. Turpin, 518 U.S. 651, 664 (1996).  Under the abuse of the writ doctrine, a

11   petition is "second or successive" if it raises claims that were or could have been adjudicated on

12   their merits in an earlier petition.  See McCleskey v. Zant, 499 U.S. 467, 494-95 (1991).  See also

13   Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (citations omitted).  In this regard, a

14   petition may be second or successive even if the claims were not presented in a prior application.

15   Cooper, 274 F.3d at 1273 (citing 28 U.S.C. § 2244(b)(2))).  Thus, a petition need not be repetitive

16   to be "second or successive," within the meaning of 28 U.S.C. § 2244(b).  See, e.g., Thompson v.

17   Calderon, 151 F.3d 918, 920-21 (9th Cir. 1998).

18   III.  Analysis

19        Respondent contends that the instant petition must be considered a second or successive

20   petition for federal habeas relief and, because there is nothing in the record to indicate that

21   petitioner obtained permission from the Ninth Circuit before filing the petition, it must be

22   dismissed.

23        In the petition that he filed with this court in 1990, petitioner sought federal habeas relief

24   on the grounds that the state trial court failed to grant immunity to a twelve-year-old witness who

25   recanted eyewitness testimony previously offered at petitioner's preliminary hearing.

26   Consequently, when the witness refused to testify at petitioner's trial, the prosecution was

27   permitted to offer her preliminary hearing testimony to the jury.  As noted above, petitioner was

28   /////

1   denied federal habeas relief with respect to this claim.  See  Fuqua v. Rowland, no. 2:90-cv-

2   01064-EJG-JFM (E.D. Cal.).

3         In the instant petition, petitioner challenges the same state court conviction and seeks

4   federal habeas relief on the following grounds: (i) ineffective assistance of trial counsel, (ii) actual

5   innocence, and (iiii) prosecutorial misconduct.  Petitioner did not raise any of these grounds for

6   relief in the 1990 habeas petition he filed in this court.

7         "A claim presented in a second or successive habeas corpus application under section

8   2254 that was not presented in a prior application shall be dismissed . . . ."  28 U.S.C.

9   § 2244(b)(2).  As noted above, a petition may be second or successive even if a claim 'was not

10  presented in a prior application.'"  Cooper, 274 F.3d at 1273 (citing 28 U.S.C. § 2244(b)(2)).

11  However, not "all multiple collateral attacks [are] 'second or successive.'"  Barapind v. Reno,

12  225 F.3d 1100, 1111 (9th Cir. 2000).  "Generally, a petition is 'second or successive' if it raises

13  claims that were or could have been adjudicated on their merits in an earlier petition."  Cooper,

14  274 F.3d at 1273.  See also McNabb v. Yates, 576 F.3d 1029 (9th Cir. 2009) ("A disposition is

15  "on the merits" if the district court either considers and rejects the claims or determines that the

16  underlying claim will not be considered by a federal court.").

17        Courts have generally recognized two categories of exceptions to the requirements of 28

18  U.S.C. § 2244(b)(2).  The first type can arise when the prior petition and the subsequent petition

19  each challenge a different judgment.  See Magwood v. Patterson, 561 U.S. 320,339 (2010)

20  (finding that petitioner, who had previously sought and received re-sentencing via a habeas

21  petition, did not file a "second or successive" petition when he challenged the subsequent

22  sentencing proceeding).  The second type of exception can arise when the prior federal court

23  order did not reach the merits of the previous petition, generally due to a procedural error on the

24  petitioner's part.  Examples of such situations include a failure to exhaust state remedies (see,

25  e.g., Stewart v. Martinez-Villareal, 523 U.S. 637 (1998) ("To hold otherwise would mean that a

26  dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from

27  ever obtaining federal habeas review."), defective pleading (see, e.g., Leonetti v. Williams, 499

28  /////

1  Fed. Appx. 651, 653 (9th Cir. 2012)[2] ("[T]he district court did not reach the merits of the 2007

2  petition. To the contrary, the district court dismissed the 2007 petition based on deficient

3  pleading."), or mischaracterization of an earlier filing as a first application for federal habeas

4  corpus relief (see, e.g., Calderon v. United States Dist. Ct., 163 F.3d 530, 538-39 (9th Cir. 1998)

5  (en banc) (holding that petitioner's previously-filed opposition to respondent's petition for writ of

6  mandamus was not a habeas corpus petition).

7          Neither category of exception appears to apply in the instant case.  Petitioner makes clear

8  that he is challenging the same state court conviction that he challenged in his prior federal

9  habeas petition, namely, his 1988 conviction for first-degree murder in the Sacramento County

10  Superior Court.  Moreover, petitioner's 1990 federal habeas petition was resolved with an entry

11  of summary judgment in favor of respondent after a consideration of the merits of petitioner's

12  claims.  See Fuqua v. Rowland, 10 F.3d 808 (Table) 1993 WL 470271, at *5 (9th Cir. Nov. 15,

13  1993) ("[W]e agree with the determination of the district court.  Petitioner's contention that

14  Yolanda Lee's refusal to testify was caused by prosecutorial misconduct is based largely on

15  conjecture and is not supported by specific facts as required by Fed. R. Civ. P. 56(e).").

16  Petitioner therefore cannot claim that his prior federal habeas petition was dismissed before the

17  district court reached the merits of the claims therein.

18          Petitioner contends that the petition presently before this court should not be dismissed as

19  "second or successive" because he is presenting newly-discovered evidence of his actual

20  innocence.  (Opp'n (ECF No. 14) at 4-5.)  In so arguing, petitioner misreads 28 U.S.C. §

21  2244(b)(2).  While petitioner is permitted to present newly discovered evidence in a second or

22  successive petition and thereby avoid dismissal, "[b]efore a second or successive application

23  permitted by this section is filed in the district court, the applicant shall move in the appropriate

24  court of appeals for an order authorizing the district court to consider the application."  28 U.S.C.

25  § 2244(b)(3)(A).  In other words, petitioner was required to obtain the required order from the

26  Ninth Circuit Court of Appeals before proceeding in this court.  28 U.S.C. § 2244(b)(3)(A).  See

27  _____

28  [2]  Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36–3(b).

6

1  Jones v. Ryan, 733 F.3d 825, 844 (9th Cir. 2013) ("[Petitioner's] only avenue for authorization to

2  file a second or successive petition is 28 U.S.C. § 2244(b)(2)(B), which requires him to "make a

3  prima facie showing to us that his claim (1) is based on newly discovered evidence and (2)

4  establishes that he is actually innocent of the crimes alleged.") (quoting King v. Trujillo, 638 F.3d

5  726, 729–30 (9th Cir.2011)); see also Buenrostro v. United States, 697 F.3d 1137, 1139 (9th Cir

6  2012) ("A second or successive motion must be certified . . . by a panel of the appropriate court

7  of appeals to contain . . . newly discovered evidence . . . .")  Here, petitioner failed to do so and,

8  therefore, dismissal is required.  Because the pending petition is subject to dismissal as second or

9  successive, the court need not reach respondent's argument that the petition is also barred by the

10 applicable AEDPA statute of limitations.

11      Before petitioner can proceed with the instant petition, he must first move in the United

12 States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider

13 the petition.  28 U.S.C. § 2244(b)(3).  Petitioner's petition should therefore be dismissed without

14 prejudice to its re-filing upon obtaining authorization from the Ninth Circuit.

15 IV.  Conclusion

16      For the reasons set forth above, IT IS HEREBY ORDERED that:

17      1.  The Clerk of the Court is directed to change respondent's name from "Kevin Chappin"

18          to "Kevin Chappell."[3]

19      IT IS RECOMMENDED that:

20      1.  Respondent's motion to dismiss (ECF No. 10) be granted; and

21      2.  This action be dismissed without prejudice.

22      These findings and recommendations are submitted to the United States District Judge

23 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

24 after being served with these findings and recommendations, any party may file written

25 objections with the court and serve a copy on all parties.  Such a document should be captioned

26

27  [3]  In so ordering, the court is guided by the representation regarding the correct spelling of
    respondent's name made on the first page of respondent's motion to dismiss.  (See ECF No. 10 at
28  1 n. 1.)

7

1   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

2   objections shall be filed and served within fourteen days after service of the objections.  The

3   parties are advised that failure to file objections within the specified time may waive the right to

4   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

5          Should petitioner file objections, he may address whether a certificate of appealability

6   should issue in the event petitioner files an appeal of the judgment in this case.  See Rule 11,

7   Federal Rules Governing § 2254 Cases ("The district court must issue or deny a certificate of

8   appealability when it enters a final order adverse to the applicant").  A certificate of appealability

9   may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the

10  denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

11  Dated:  June 1, 2015

12

13  _____
    DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

14  DAD:10
    fuqu0906.mtd.succ

15

16

17

18

19

20

21

22

23

24

25

26

27

28